UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MICHELE PADGETT

      Plaintiff,

  v.

LORETTO HIGH SCHOOL, THE
INSTITUTE OF THE BLESSED
VIRGIN MARY, DOES 1 through
20, inclusive,

      Defendants.

NO. CIV. S 03-2048 MCE GGH

MEMORANDUM AND ORDER

----oo0oo----

On March 8, 2005, Plaintiff Michelle Padgett filed a motion to amend her complaint and modify Court's Pretrial Scheduling Order ("PSO"). Because Plaintiff has failed to show good cause, her motion is DENIED.[1]

//

//

---

[1] Because oral argument would not be of material assistance, the Court orders this matter to be submitted on the briefing. L.R. 78-230(h).

1

**BACKGROUND**

This case arises out of an employment dispute between Plaintiff and Defendant Loretto High School, The Institute of the Blessed Virgin Mary.  Plaintiff asserted four causes of action in her complaint, including (1) Violation of the Family Medical Leave Act 29 U.S.C. 2601, *et seq.*, (2) Retaliation, (3) Breach of Contract, and (4) Breach of the Implied Covenant of Good Faith and Fair Dealing.  For purposes of this motion, only Plaintiff's retaliation claim is at issue.

On January 30, 2004, the Court issued its Pretrial Scheduling Order ("PSO"), which stated that no amendments to pleadings would be allowed without leave of the Court upon a showing of good cause.  (Cts. Pretrial Sched. Order at 1.)

On February 2, 2005, Plaintiff and Defendant participated in a mandatory settlement conference ("MSC").  At the MSC, it came to light that Plaintiff and Defendant had different views as to (1) whether Plaintiff's retaliation cause of action was based on statute or common law and (2) Plaintiff's ability to recover for emotional distress damages on her retaliation cause of action.  (Pl.'s Not. of Mot. to Amend at 1:27-28); (Def.'s Opp'n to Pl.'s Mot. to Amend at 2:12-19.)

Thereafter, on March 8, 2005, Plaintiff filed the present motion asking the Court for leave to amend her complaint.  Plaintiff argues that she needs to amend her complaint in order to alleviate any confusion with regard to her retaliation claim.  (Pl.'s Mot. to Amend at 3:6-8.)  Plaintiff claims that while she intended the claim to be based on common law grounds, Defendant

mistakenly believed the claim was based on statutory grounds. (Pl.s' Mot. to Amend at 3:9-13.)  Plaintiff contends that good cause is present because she diligently moved to amend her complaint upon realizing Defendant's confusion.  (Mar. 8, 2005 Decl. of Jill P. Telfer at ¶ 7.)

Defendant, on the other hand, opposes Plaintiff's motion to amend and argues that good cause has not been shown.  Defendant contends that Plaintiff is attempting to change a statutory cause of action under the Family Medical Leave Act ("Act") into a common law cause of action in order to recover emotional distress damages that are not recoverable under the Act.  (Def.'s Opp. to Pl.'s Mot. to Amend at 2:12-21.)

**STANDARD**

Once a district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure[2] 16 that establishes a party's ability to amend pleadings, Rule 16 controls as to whether or not the PSO can be modified. <u>Johnson v. Mammoth Recreations</u>, *Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992)(noting that a party seeking to amend pleadings after the date specified in the pretrial scheduling order must first show good cause under Rule 16(b) and then show that amendment is proper under Rule (15)).  Prior to the final pretrial conference, a court may modify a status order upon a showing of "good cause." <u>See</u> Fed. R. Civ. P. 16(b).

---

[2] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

3

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609.  In explaining this standard, the Ninth Circuit has stated that:

> [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of he inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Id.* (citations omitted)

## ANALYSIS

Based on a review of Plaintiff's complaint and moving papers, as well as Defendant's opposition, the Court finds that Plaintiff has not shown good cause to allow amendment of her complaint.  Although Plaintiff claims that she originally intended to state a cause of action for wrongful termination in violation of public policy, the Court finds that Plaintiff's second claim for relief states a cause of action for retaliation under the Family Medical Leave Act.

First, Plaintiff's second claim for relief incorporates Plaintiff's entire first claim for relief, which is a cause of action for "Violation of the Family Medical Leave Act 29 U.S.C. 2601, *et seq*." (Pl.'s Compl. at 2-3.) Second, the first substantive paragraph of Plaintiff's second claim states that Plaintiff was at all times covered by the Family Medical Leave Act. (Pl.'s Compl. at ¶ 20.) Third, despite Plaintiff's contention that the claim is for wrongful termination in violation of public policy, the claim lacks any discussion of the public policy allegedly violated. Finally, a plain reading of claims three and four, which are based in common law, shows that they are pled differently than Plaintiff's second claim for relief. Unlike the second claim for relief, the third and fourth claims are pled according to the common law elements of each cause of action. On the other hand, Plaintiff's second claim appears to be pled in a manner consistent with the first claim, which arises under the Family Medical Leave Act.

The Court finds that Plaintiff's complaint fails to place Defendant on notice of a claim for wrongful termination in violation of public policy. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002). Any confusion in this case is the result of Plaintiff's careless pleading of her second claim for relief. Plaintiff's "carelessness is not compatible with a finding of diligence and offers no reason for granting of relief." <u>Johnson</u>, 975 F.2d at 609. Therefore, having failed to demonstrate the requisite diligence, the Court denies Plaintiff's motion to amend.

//

5

**CONCLUSION**

For the foregoing reason, Plaintiff's motion to amend is DENIED.

IT IS SO ORDERED.

DATED: April 21, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE